

40 Fulton Street – 23rd Floor – New York, NY 10038
Office: 212-235-5494 • Fax: 212-480-4444 • Email: Elizabeth@MacedonioLaw.com

May 15, 2017

Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Vincent Asaro
          17 Cr. 00127 (ARR)

Dear Judge Ross:

  I write on behalf of Vincent Asaro to move to sever counts one and two ("the arson counts") from counts three and four ("the bank robbery counts") and to sever from co-defendant Michael Guidici. Severance is appropriate here due to improper joinder under F.R.C.P. 8(b) because the arson counts and the bank robbery counts do not constitute the "same act or transaction, or [ ] the same series of acts or transactions, constituting an offense or offenses." Additionally, joinder of the arson counts and bank robbery counts significantly prejudices Asaro who is charged only with the arson counts and therefore, severance pursuant to F.R.C.P. 14(a) is appropriate.

**I. The Arson Charges**

  Counts one and two of the indictment charge Mr. Asaro, John Gotti and Matthew Rullan, with arson conspiracy and arson occurring between April 1, 2012 and April 4, 2012, in violation of 18 U.S.C. §§ 844(n) and 844(i) and 2. The government alleges that the arson counts stem from a road rage incident involving Mr. Asaro and another individual. Following a traffic dispute, the government alleges Mr. Asaro directed Associate-1 to set fire to the vehicle of the other individual involved in the dispute. The government alleges that Associate-1 then recruited Gotti and Rullan to set fire to the individual's vehicle.

  According to the government, on April 4, 2012, Rullan, Gotti, and Associate-1, drove to a gas station where they obtained gasoline. They then drove to Broad Channel where they located and burned the vehicle. A police officer who witnessed the arson followed the three men as they fled the scene in Gotti's vehicle. Gotti led the police on a high-speed chase. The government claims Asaro subsequently visited the auto body repair shop where the burnt vehicle had been towed to view the vehicle.

**II. The Bank Robbery Charges**

  Counts three and four charge Gotti, Rullan, and Michael Guidici, with bank robbery conspiracy occurring between March 15, 2012, and April 18, 2012 and bank robbery occurring April 18, 2012, in violation of 18 U.S.C. §§ 371 and 2113(a) and 2. The government alleges that Associate-1 was "initially included" in the conspiracy and that Gotti told Associate-1 that Gotti's girlfriend worked as a teller at

Honorable Allyne R. Ross
United States District Judge
May 15, 2017

Maspeth Federal Savings and Loan Association and had access to information regarding the bank's operation. The Government alleges that at 5:45pm on April 18, 2012, Guidici entered Maspeth Federal Savings and Loan Association and presented a teller with a note stating in part "I have a bomb." The teller then gave Guidici $5,941 and Guidici fled the scene with Gotti and Rullan.

### III.     The Law

An indictment may charge a defendant in separate counts with two or more offenses if the offenses are of similar character or based on "the same act or transaction" or "are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P 8(a). Joinder of defendants is permitted if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P8(b).

In multi-defendant cases, a challenge to either joinder of offenses or defendants is assessed under Rule 8(b) rather than 8(a). *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. N.Y. 1988) (collecting cases). The standard for joinder of defendants under Rule 8(b) is more restrictive than the broad standard for joinder of offenses under Rule 8(a). *United States v. Gentile*, 60 F.R.D. 686, 688, 1973 U.S. Dist. LEXIS 11788, *3 (E.D.N.Y. 1973) (citing *United States v. Granello*, 365 F.2d 990 (2d Cir. 1966); 8 Moore (Cipes), Federal Practice § 8.06 (1972); Orfield, Joinder in Federal Criminal Procedure, 26 F.R.D. 23 (1961)). Joinder under Rule 8(b) requires a greater showing than mere similarity between the nature of offenses or that there are common participants in the offenses. *Id.* "Unlike Rule 8(a), Rule 8(b) does not permit joinder of defendants solely on the ground that the offenses charged are of 'the same or similar character.'" *Turoff*, 853 F.2d at 1043. Rather, the Second Circuit requires a showing under Rule 8(b) that "two or more persons' criminal acts are unified by some substantial identity of facts or participants or arise out of a common plan or scheme." *United States v. Rajaratnam*, 753 F. Supp. 2d 299, 304 (S.D.N.Y. 2010). This determination is based on whether "a reasonable person would easily recognize the common factual elements that permit joinder." *United States v. Geddes*, 2015 U.S. Dist. LEXIS 44809, *12, 2015 WL 1530800 (D. Conn. Apr. 6, 2015) citing *Turoff*, 853 F.2d at 1044. Where two defendants would be tried separately, if the evidence at one trial would duplicate the evidence at the other joinder is proper. *Id.* No showing of prejudice is required under the strict application of 8(b) test for improper joinder. See *United States v. Feyrer*, 333 F.3d 110, 113 (2d Cir. N.Y. 2003).[1]

---

[1] Rule 8 is a pleading rule. Therefore, in assessing the propriety of joinder under Rule 8 the Court should look only to the allegations in the indictment and not other pretrial representations as to what the government intends to prove. *United States v. Parrilla*, 2014 U.S. Dist. LEXIS 55757, *36, 2014 WL 1621487 (S.D.N.Y. Apr. 22, 2014) citing *Rajaratnam*, 753 F. Supp. 2d at 306.

Honorable Allyne R. Ross
United States District Judge
May 15, 2017

### IV. The Court Should Sever the Arson Counts from the Bank Robbery Counts

Because the Indictment does not recite any facts indicating a connection between the arson and the bank robbery counts these counts are clearly improperly joined. *See United States v. Gallo*, 1999 U.S. Dist. LEXIS 103, *8, 1999 WL 9848 (S.D.N.Y. Jan. 6, 1999); *Turoff*, 853 F.2d at 1043; *Rajaratnam*, 753 F. Supp. 2d at 304. It is apparent from the indictment that there is no evidentiary overlap between the arson counts and the bank robbery counts. A trial on the arson counts would involve evidence of a traffic dispute between Mr. Asaro and another individual, both of whom are not alleged to have been involved in the bank robbery. Additional evidence that is unrelated to the bank robbery involves testimony regarding commission of the arson by Gotti and Rullin and forensic evidence establishing the arson.

Likewise, the evidence regarding commission of the bank robbery by Gotti, Rullin, and Guidici would be inadmissible against Mr. Asaro in a trial on the arson counts. This indictment improperly joins two separate and distinct conspiracies that have no evidentiary overlap, are not part and parcel, and did not stem from one another. *See Turoff*, 853 F.2d at 1044; *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978); United *States v. Yaron*, 2011 U.S. Dist. LEXIS 84109, *26, 2011 WL 3279054 (S.D.N.Y. July 18, 2011) (collecting cases of improper joinder due to lack of connection between conspiracies or offenses).

Though no prejudice is required to sever improperly joined offenses and defendants, here, prejudice to Mr. Asaro requires severance under Fed.R.Crim.P.14(a). *See United States v. Spinelli*, 352 F.3d 48, 54 (2d Cir. 2003) (decision to sever a joint trial is within the "sound discretion of the court") (quoting *United States v. Blount*, 291 F.3d 201, 209 (2d Cir. 2002). Severance is warranted if there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). This court should grant Mr. Asaro's request to sever the arson counts based on the significant risk of spillover prejudice to Mr. Asaro. Holding a joint trial in which these distinct conspiracies are tried together is inherently prejudicial to Mr. Asaro. This is particularly true where, as here, there is overlap with regard to the involvement of Gotti and Rullan but not Mr. Asaro in both conspiracies. The overlap in participants prejudices Mr. Asaro who will suffer guilt by association due to his co-defendants being charged with both the arson and bank robbery counts. Finally, the expenditure of judicial resources in trying these counts separately is minimal as the evidence is separate and distinct.

Honorable Allyne R. Ross
United States District Judge
May 15, 2017

### IV.     Conclusion

For the foregoing reasons, severance of counts one and two from counts three and four is appropriate. I thank Your Honor for her consideration in this matter.

Respectfully submitted,

*Elizabeth E. Macedonio*
Elizabeth E. Macedonio
*Counsel for the Defendant*
*Vincent Asaro*

cc: All Parties Via ECF