

*United States Attorney*
*Eastern District of New York*

NMA/LKG/KDE  *271 Cadman Plaza East*
F.#2017R00410  *Brooklyn, New York 11201*

June 26, 2017

<u>By ECF and Hand</u>

The Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Vincent Asaro,
                    Criminal Docket No. 17-127 (ARR)</u>

Dear Judge Ross:

      In advance of tomorrow's proceeding, the government respectfully submits this letter to advise the Court of a potential conflict of interest concerning Elizabeth Macedonio, Esq., who currently represents defendant Vincent Asaro. For the reasons set forth below, the government respectfully requests that the Court appoint counsel pursuant to <u>United States v. Curcio</u>, 680 F.2d 881 (2d Cir. 1982), and conduct any required inquiry.

I.      Background

      On March 22, 2017, the defendant, a long-time member of the Bonanno crime family of La Cosa Nostra, was arrested for directing the commission of an arson. The defendant is represented by Elizabeth Macedonio, Esq., pursuant to the Criminal Justice Act. Ms. Macedonio also currently represents Ronald Giallanzo, another member of the Bonanno crime family (and Asaro's nephew), in another case pending before Chief Judge Irizarry. <u>See</u> <u>United States v. Ronald Giallanzo, et al.</u>, 17-CR-155 (DLI) (E.D.N.Y.).

II.     Applicable Law

      The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel. <u>See</u> <u>Wood v. Georgia</u>, 450 U.S. 261, 271 (1981); <u>United States v. Perez</u>, 325 F.3d 115, 124 (2d Cir. 2003). That right, however, is not absolute and does not guarantee

the defendant counsel of his own choosing. United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993). While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict." Jones, 381 F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).

To determine if a defendant's counsel is burdened by a conflict of interest, the court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). An actual conflict exits "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted).

If a conflict is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the Court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). See, e.g., United States v. Malpiedi, 62 F.3d 465, 470 (2d Cir. 1995); Levy, 25 F.3d at 153; Iorizzo, 786 F.2d at 58-59. In summarizing Curcio procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90. By relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims. United States v. Jiang, 140 F.3d 124, 128 (2d Cir. 1998).

However, if the attorney suffers from an actual or potential conflict of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation, the court must disqualify that attorney. United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995). Such per se conflicts of interest are not only unwaivable, but are of such a serious nature that if allowed to persist through trial and conviction, on appeal they result in automatic reversal without a showing of prejudice. United States v. Williams, 372 F.3d 96, 103 (2d Cir. 2004) (internal quotations omitted).

This is because a lawyer owes an absolute duty of loyalty and confidentiality to his former client. See United States v. Yannotti, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004); United States v. Rahman, 861 F. Supp. 266, 274 (S.D.N.Y. 1994); ABA Model Code of Professional Responsibility, Ethical Consideration 4-6. That duty, which remains in force even after representation ends, precludes the lawyer from disclosing matters revealed to him by reason of the confidential relationship, absent release from that duty under the law. Rahman, 861 F. Supp. at 274; EC 4-6 ("The obligation to protect confidences and secrets of a client continues after the termination of employment."). Accordingly, a serious conflict may arise if one defendant wished to cooperate with the government's investigation and testify as to facts inculpating the other defendant. See United States v. Kelly, 870 F.2d 854, 856-57 (2d Cir. 1989) (finding disqualification necessary because the defendant's interests would be best served by "vigorous cross-examination of the informant in a manner wholly inconsistent with the informant's interests"—a task that defense counsel could not perform without "violat[ing] the rights of the informant" to expect continued loyalty and confidentially from his former attorney); see also United States v. Massino, 303 F. Supp. 2d 258, 262 (E.D.N.Y. 2003) ("Because of [the attorney's] prior representation of [the cooperating witness], [the attorney] cannot ethically cross examine [the cooperating witness] without his consent.").

Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. Notwithstanding a defendant's willingness to waive his attorney's conflict of interest, courts retain "substantial latitude" in refusing such waivers. See id. at 163. As mentioned above, the "question of [attorney] disqualification therefore implicates not only the Sixth Amendment right to the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163).

III.     The Court Should Appoint Independent Counsel and Seek A Waiver from the Defendants

As set forth above, Ms. Macedonio currently represents both defendant Vincent Asaro and Ronald Giallanzo, two long-time members of the Bonanno crime family. As a member of Giallanzo's criminal and blood family, Asaro is in a position to cooperate against Giallanzo (and vice-a-versa). Because Ms. Macedonio owes a duty of loyalty to Giallanzo, however, she may persuade Asaro not to do so even though that may be in Asaro's best interest. As such, the government respectfully requests that the Court appoint counsel pursuant to Curcio

and, after Asaro has had an opportunity to discuss with counsel, inquire and seek a waiver of this potential conflict.

IV. Conclusion

For the reasons set forth above, the government respectfully requests that the Court appoint Curcio counsel for defendant Vincent Asaro and conduct any required inquiry.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

By: /s/
Nicole M. Argentieri
Lindsay K. Gerdes
Keith D. Edelman
Assistant U.S. Attorneys
718-254-7000

cc: Clerk of Court (ARR) (by ECF)
Elizabeth Macedonio, Esq. (by e-mail)
Lloyd Epstein, Esq. (by e-mail)