# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

November 27, 2017

The Honorable Allyne R. Ross
US District Court
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: US v. Asaro et al, 17CR127 (ARR)**

Dear Judge Ross,

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's right of access to the sentencing document dated October 30, 2017 that was submitted to your Honor by defendant Asaro. Specifically, I petition the Court to treat this letter as a claim asserted by an interested party requesting the release to the public of that document, as well as any other sentencing material submitted by the defendant.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald,* 734 F.2d at 96. *In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).

Since the mid-1970s, I have covered federal court proceedings, as a staff reporter for both the New York Post and New York Daily News, as a freelance writer for many publications, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner,* 435 U.S. 589, 597 (1978); Va. Dep't of State Police v. *Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post,* 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside,* 478 U.S. 1, 15 (1986); *Stone,* 855 F.2d at 180.

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

I ask that you treat this application as a *pro se* motion and list it as such on the court docket sheet. This is a newsworthy story that I have written about. I intend to write about the sentencing[2] of the defendant.

Overall, it is well established that except for extraordinary reasons, namely those that involve national security or safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including letters and exhibits, in all criminal cases. And, the First Amendment guarantees the press and the public "a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim").

Here, the defendant has not demonstrated any extraordinary or compelling interest that would trump the press and the public's First Amendment right to access his sentencing documents. *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510-11 (1984) ("The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.")

Indeed, the defendant has not even indicated filing any sentencing documents. The October 30 memo is referenced by the government in its November 20 memo. Consequently, the October 30 memo, as well as all others defendant Asaro submitted to the Court for sentencing must be made available to the public unless there are compelling reasons to justify closure. As the United States Supreme Court has explained, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. This fundamental privilege extends to "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).

If portions of the sentencing material pertain to any asserted medical ailments of the defendant that the Court feels should be redacted from the publicly filed documents, I respectfully petition the court to exercise its discretion and permit the public to glean some general understanding of

---

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds*, Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

the types of medical issues that the defendant believes the Bureau of Prisons will not be able to handle properly.

This will enable the press – and the public – better understand government replies to those claims as well as your Honor's eventual ruling regarding that issue.

For all the above reasons, as well as any others the court may deem relevant and appropriate, I respectfully request that the sentencing documents submitted by defendant Asaro for which no extraordinary or compelling interest for secrecy exists, be listed on the docket sheet and made available to the public without further ado.

Sincerely,

Jerry Capeci
cc AUSAs Nicole Argentieri, Lindsay Gerdes, defense lawyer Elizabeth Macedonio

P.O Box 863 • Long Beach, NY 11561 • (516) 431-1277
www.ganglandnews.com