# CHARLES F. CARNESI
*Attorney at Law*
1225 Franklin Avenue
Suite 325
Garden City, New York 11530

TELEPHONE
(516) 512-8914

TELECOPIER
(516) 873-8881

March 9, 2018

Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>*United States v. John J. Gotti*, 17-CR-00127 (ARR)</u>

Dear Judge Ross:

  Please accept this letter in place of an earlier letter inadvertently and mistakenly submitted on my behalf by co-counsel Gerard M. Marrone, Esq. On November 22, 2017, Mr. Marrone filed a letter, dated November 12, 2017, which contains as an attachment a letter from me, dated November 17, 2017 (Docket Entry # 109). Apparently, a rough draft of my letter to the Court was mistakenly filed and I, therefore, respectfully request that the Court accept this letter in place of my earlier letter.

  It is respectfully requested that the Court consider this letter and the letters of support from family and friends submitted under Docket Entry # 109 on behalf of John Gotti in determining an appropriate punishment when the Court sentences Mr. Gotti upon his plea of guilty to the crime of arson, 18 U.S.C. § 844(i), and the stipulation to the crime of bank robbery in violation of 18 U.S.C. § 2113(a).

  The Government has agreed to recommend that the Court order that half of whatever sentence the Court imposes run concurrent with the sentence that Mr. Gotti is currently serving for violations of New York State narcotics laws. As explained in more detail below, the government's recommendation in this regard is based on its acknowledgment that, as a result of the instant offense, which is based upon conduct that pre-dates Mr. Gotti's offense conduct in the New York State matter, he will lose his ability to participate in programming offered by the New York State Department of Corrections that, absent the instant offense, would have reduced the time that he would otherwise have been incarcerated on the state charges. The background that supports this recommendation is set forth below.

  At the time of the offenses at issue in the instant matter, Mr. Gotti was an 18-year-old man, suffering from addiction to marijuana and alcohol, which over time worsened and

Honorable Allyne R. Ross
March 9, 2018
Page 2 of 2

expanded to include narcotic pain killers.  Ultimately, his addictions led him to begin to sell controlled substances to support his own substance abuse, which led to his arrest and plea of guilty to violations of New York State narcotics laws for which he was sentenced to eight years incarceration.  To his credit, once incarcerated, Mr. Gotti not only accepted responsibility for his actions but also viewed his imprisonment as an opportunity to change his life and to get help for his addictions.  He availed himself of every program available while in state custody.  He has been a model inmate and has made substantial progress in his efforts to change the course of his life.

As a result of the instant conviction, however, which, as noted, occurred more than four years prior to the offense conduct that the resulted in the New York State conviction, he is no longer eligible to participate in the state programs that would have reduced the time that he is required to serve on his New York State sentence.  Consequently, he is now likely to serve the maximum time on his state sentence before he begins serving his federal sentence.  Thus, whatever sentence the Court imposes here will increase the amount of time that he will serve on his state sentence, even though the crimes at issue in the matter before the Court occurred prior to the offense conduct in the state case.

Consequently, in recognition of this dynamic, at the time that the plea was entered in this action, the U.S. Attorney's Office agreed to recommend that the Court direct that half of whatever period of incarceration the Court determines is appropriate run concurrent with Mr. Gotti's existing state sentence.  We respectfully urge the Court to accept this recommendation.

We fervently believe that doing so would allow for a just and fair sentence that is sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) and will provide an opportunity for Mr. Gotti to continue the progress that he has made toward returning as a productive member or society.

Respectfully,


s/Charles F. Carnesi

cc:     All Counsel (via ECF)